STAN D. BLYTH, State Bar No. 166938
LAW OFFICES OF STAN D. BLYTH
11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff Hayward Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C08-00971

| Hayward Enterprises, Inc., a California corporation, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | 1. Federal Trademark Infringement<br>2. Federal Unfair Competition<br>3. California Trademark Infringement<br>4. California Unfair Competition<br>5. California False or Misleading Statements<br>6. Common Law Trademark Infringement and Passing Off |
| Creative Juices, Inc., a California corporation, Lyons Magnus, Inc., a California corporation, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Hayward Enterprises, Inc., a California corporation ("Plaintiff"), for its complaint against Defendants, Lyons Magnus, Inc., a California corporation, and Creative Juices, Inc., a California corporation (jointly "Defendants"), alleges as follows:

COMPLAINT                                    1

## NATURE OF ACTION

1. Plaintiff is the owner of the well-known trademarks THE PERFECT PURÉE and THE PERFECT PURÉE OF NAPA VALLEY and the distinctive trade dress used in association with Plaintiff's line of all-natural fruit purees. Defendants have adopted the confusingly similar mark FRUIT PURÉ for use with their line of fruit purees and a trade dress confusingly similar to that of Plaintiff. This is an action to redress violations of the federal Lanham Act for infringement of federally registered trademarks (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof. Code §17200), the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and common law trademark infringement and palming off, as the result of the willful and unauthorized use by Defendants of colorable imitations of Plaintiff's trademarks and trade dress, as more fully set forth hereinafter. Plaintiff seeks permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, treble monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, HAYWARD ENTERPRISES, INC., is a California corporation with its principal place of business located at 2700 Napa Valley Corporate Drive, Ste. L, Napa, CA 94558.

3. Plaintiff is informed and believes and on that basis alleges that Defendant CREATIVE JUICES, INC. is a California corporation with its principal place of business located at 398 Alvarado Street, Monterey, California, 93940, and that Defendant LYONS MAGNUS, INC. is a California corporation, with its principal place of business located at 3158 E. Hamilton Ave, Fresno, California 93702.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Plaintiff is informed and believes and on that basis alleges that Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant CREATIVE JUICES, INC. resides in this judicial district, and as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred or will occur in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of U.S. Trademark Registration No. 3,372,000 for mark THE PERFECT PURÉE for pureed fruits and vegetables. Plaintiff is also the owner of incontestable U.S. Trademark Registration No. 2,219,970 for the mark THE PERFECT PURÉE OF NAPA VALLEY and Design for pureed berries, fruits and vegetables. Such registrations are valid and subsisting and owned by Plaintiff. True and correct copies of these registrations are attached hereto as Exhibits 1 and 2 (hereinafter "THE PERFECT PURÉE Marks').

8. Since 1988, long prior to the acts of Defendants complained of herein, Plaintiff has used THE PERFECT PURÉE Marks in association with its pureed fruit products. Other than Defendants' trademark at issue in this lawsuit, Plaintiff is not aware of any other

pureed fruit product in the United States with a brand name featuring the letter-string "PURÉ," using an accent mark over the "É" following the letter "R."

9. Plaintiff was the first company in the United States to produce a full line of all natural frozen fruit and vegetable purees, and the resultant popularity of Plaintiff's products has led THE PERFECT PURÉE brand to the forefront of well-known foodservice brands.

10. Plaintiff currently produces twenty flavors of fruit and vegetable puree products, five flavors of fruit concentrate, and three flavors of specialties under THE PERFECT PURÉE Marks.

11. Plaintiff's THE PERFECT PURÉE fruit and vegetable puree products feature a non-functional, distinctive trade dress composed of the following elements: a 30 oz. wide-mouth opaque white plastic cylindrical jar with a white twist top featuring a serrated edge with a label covering approximately 80% of the height of the jar and 90% of the diameter, the label featuring an image of the fruit product in bright color set off against the white background of the label and the jar with the brand name THE PERFECT PURÉE appearing in dark lettering on a white background with the smaller lettering "OF NAPA VALLEY" appearing in smaller type beneath and off-set to the right of the PERFECT PURÉE mark, above which is a thin band encircling the top of the jar in the same color as the fruit on the label (hereinafter "THE PERFECT PURÉE Trade Dress"). An image of THE PERFECT PURÉE Trade Dress is attached hereto as Exhibit 3.

12. Plaintiff adopted THE PERFECT PURÉE Trade Dress in June, 2006, prior to Defendants' adoption of its trade dress at issue in this matter.

13. In 2007 alone, Plaintiff sold over a quarter of a million (250,000) cases of THE PERFECT PURÉE fruit puree products, which equates to over one and one-half million (1,500,000) 30 oz. jars of this product. Since Plaintiff first began use of THE PERFECT PURÉE

COMPLAINT                                         4

mark in 1988, Plaintiff has sold well over one and one-half million (1,500,000) cases of fruit puree products under THE PERFECT PURÉE Marks, which exceeds nine million (9,000,000) 30 oz. jars of this product.

14. Plaintiff's dollar sales of THE PERFECT PURÉE fruit puree products since Plaintiff first began use of THE PERFECT PURÉE Marks in 1988 have totaled in excess of fifty-six million dollars ($56,000,000). Last year alone, Plaintiff's sales of THE PERFECT PURÉE fruit puree products exceeded nine million dollars ($9,000,000).

15. Since 1988, Plaintiff has spent in excess of two million dollars ($2,000,000) on marketing and advertising for THE PERFECT PURÉE brand.

16. As a result of Plaintiff's sales and marketing of THE PERFECT PURÉE brand, it is among the most recognizable brands in the United States for foodservice professionals, entitling Plaintiff's THE PERFECT PURÉE Marks and THE PERFECT PURÉE Trade Dress to the widest scope of protection.

17. Plaintiff is informed and believes and on that basis alleges that the FRUIT PURÉ brand is being produced, marketed and distributed by Defendants and is intended for use exclusively with fruit puree products. The FRUIT PURÉ brand is being marketed in the foodservice category to directly compete with, and be substituted for, THE PERFECT PURÉE brand.

18. The FRUIT PURÉ trade dress is composed of the following elements: a 30 oz. wide-mouth opaque white plastic cylindrical jar with a white twist top featuring a serrated edge with a label covering approximately 80% of the height of the jar and 90% of the diameter, the label featuring an image of the fruit product in bright color set off against the white background of the label and the jar with the brand name FRUIT PURÉ appearing in dark lettering on a white background with the smaller lettering "PREMIUM FRUIT PUREE" appearing in smaller type beneath and off-set to the right

of the FRUIT PURÉ mark, above which is a thin band encircling the top of the jar in the same color as the fruit on the label (hereinafter the "FRUIT PURÉ Trade Dress").

19. Plaintiff is informed and believes and on that basis alleges that the FRUIT PURÉ brand featuring the FRUIT PURÉ Trade Dress was launched by Defendants at the annual Cheers Beverage Conference in Miami, Florida on or about January 22, 2008, which was also attended by Plaintiff.

20. During the Cheers Beverage Conference, a representative of Plaintiff approached the table where Defendants were advertising the FRUIT PURÉ product and asked to see the product. The representative of Defendants pointed to the product on the table featuring the FRUIT PURÉ Trade Dress and stated to the effect "there it is, you should recognize the packaging."

21. On January 25, 2008, Plaintiff's legal counsel sent each of the Defendants a cease and desist letter objecting to Defendants use of the FRUIT PURÉ mark and demanding that Defendants immediately cease use of the FRUIT PURÉ mark. On January 31, 2008, legal counsel for Defendant CREATIVE JUICES, INC. responded to Plaintiff's cease and desist letter, indicating in this response that Defendant CREATIVE JUICES, INC. would not cease its use of the FRUIT PURÉ mark. No response was received from Defendant LYONS MAGNUS, INC.

22. The use of the FRUIT PURÉ mark and FRUIT PURÉ Trade Dress by Defendants is likely to confuse consumers into believing that Defendants' FRUIT PURÉ brand is affiliated with, associated with, connected to, or sponsored by Plaintiff and Defendants will unjustly benefit from such association.

23. Plaintiff will be harmed by such consumer confusion as it will suffer loss of sales when consumers purchase FRUIT PURÉ products believing them to be the market leader, THE PERFECT PURÉE, and Plaintiff will also lose control of its THE PERFECT

PURÉE Marks and THE PERFECT PURÉE Trade Dress as a result of such confusion and the value of the brand will be diminished as a result of such confusion.

24. Defendants' have refused to cease using the FRUIT PURÉ mark and FRUIT PURÉ Trade Dress, and unless restrained by this Court, Defendants will continue forward with their plan to unfairly compete with Plaintiff by using such mark and trade dress, wherefore Plaintiff is without adequate remedy at law.

25. Based upon information and belief resulting from an objective review of Defendants' actions in adopting and selecting the FRUIT PURÉ mark and trade dress, and the above-referenced statements made by Defendants' representatives, Defendants' intent in using the FRUIT PURÉ mark and trade dress is to profit from the goodwill associated with Plaintiff's THE PERFECT PURÉE Marks and THE PERFECT PURÉE Trade Dress, and the selection of FRUIT PURÉ as a mark and FRUIT PURÉ Trade Dress was done to closely mimic the well-known THE PERFECT PURÉE Marks and THE PERFECT PURÉE Trade Dress. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

26. Plaintiff restates and reavers the allegations of Paragraphs 1 through 25, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

27. Defendants' above-averred actions will constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or

mistake as to source, sponsorship or approval of the Defendants' aforesaid services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

28. Plaintiff restates and reavers the allegations of Paragraphs 1 through 27, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

29. The Defendants' above-averred actions will constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the Defendants' services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## THIRD CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

30. Plaintiff restates and reavers the allegations of Paragraphs 1 through 29, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

31. The Defendants' above-averred actions will constitute infringement upon a mark registered under Title 15 of the United States Code and Cal. Bus. & Prof. Code §14220 *et seq.* in violation of Cal. Bus. & Prof. Code §14335.

## FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

32. Plaintiff restates and reavers the allegations of Paragraphs 1 through 31, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

33. The Defendants' above-averred actions will constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FIFTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

34. Plaintiff restates and reavers the allegations of Paragraphs 1 through 33, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

35. The Defendants' above-averred actions in using a trademark and trade dress that suggests an association with Plaintiff will constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## SIXTH CAUSE OF ACTION

(Common Law Trademark Infringement and Passing Off)

36. Plaintiff restates and reavers the allegations of Paragraphs 1 through 35, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

37. The Defendants' above-averred actions will constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be permanently enjoined and restrained, from directly or indirectly:

    a. Using the mark FRUIT PURÉ or the FRUIT PURÉ Trade Dress, or terms, marks, symbols or indicia confusingly similar to THE PERFECT PURÉE Marks and/or THE PERFECT PURÉE Trade Dress, in connection with the production, advertisement, promotion, distribution, offering for sale or selling of fruit, berry or vegetable products;

    b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendants or that the services or goods of the Defendants originate with Plaintiff or are likely to lead the trade or public to associate the Defendants with Plaintiff;

2. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional, point-of-sale, packaging, labels, shippers and any other materials bearing the infringing mark or trade dress together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

5. That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case; and

6. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: February 15, 2008

Respectfully submitted,

LAW OFFICES OF STAN D. BLYTH

By _____
Stan D. Blyth

11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384


J. Scott Gerien
Megan Ferrigan Healy
DICKENSON PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876


Attorneys for Plaintiff Hayward Enterprises, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: February 15, 2008

                                         Respectfully submitted,

                                         LAW OFFICES OF STAN D. BLYTH

                                         By  /s/ Stan D. Blyth
                                              Stan D. Blyth

                                         11 Embarcadero West, Suite 145
                                         Oakland, CA 94607
                                         Telephone: (510) 272-0200
                                         Facsimile: (510) 225-2384

                                         J. Scott Gerien
                                         Megan Ferrigan Healy
                                         DICKENSON PEATMAN & FOGARTY
                                         809 Coombs Street
                                         Napa, California 94559
                                         Telephone: (707) 252-7122
                                         Facsimile: (707) 255-6876

                                         Attorneys for Plaintiff Hayward Enterprises, Inc.

# **EXHIBIT 1**
(Attached)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Feb 13 05:37:51 EST 2008*

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [PREV LIST] [CURR LIST]
[NEXT DOC] [LAST DOC]

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At:  OR [Jump] to record:  **Record 1 out of 5**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( *Use the "Back" button of the Internet Browser to return to TESS)*

# THE PERFECT PURÉE

| | |
|---|---|
| **Word Mark** | THE PERFECT PURÉE |
| **Goods and Services** | IC 029. US 046. G & S: Food products, namely, pureed fruits and pureed vegetables. FIRST USE: 19970117. FIRST USE IN COMMERCE: 19970117 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77175936 |
| **Filing Date** | May 8, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | November 6, 2007 |
| **Registration Number** | 3372000 |
| **Registration Date** | January 22, 2008 |
| **Owner** | (REGISTRANT) Hayward Enterprises, Inc. CORPORATION CALIFORNIA Suite L 2700 Napa Valley Corporate Drive Napa CALIFORNIA 94558 |
| **Attorney of Record** | J. Scott Gerien |
| **Prior Registrations** | 2219970 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PURÉE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP] [PREV LIST] [CURR LIST]
[NEXT DOC] [LAST DOC]

# **EXHIBIT 2**
(Attached)

 United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Wed Feb 13 05:37:51 EST 2008

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [BOTTOM] [HELP] [CURR LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

[Logout] Please logout when you are done to release system resources allocated for you.

[Start] List At:   OR [Jump] to record:   **Record 3 out of 5**

[TARR Status] [ASSIGN Status] [TDR] [TTAB Status] ( *Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | THE PERFECT PUREE OF NAPA VALLEY |
| **Goods and Services** | IC 029. US 046. G & S: food products, namely, pureed berries, pureed fruits, pureed vegetables. FIRST USE: 19970117. FIRST USE IN COMMERCE: 19970117 |
| | IC 030. US 046. G & S: spices. FIRST USE: 19970117. FIRST USE IN COMMERCE: 19970117 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.13.21 - Quadrilaterals that are completely or partially shaded |
| **Serial Number** | 75250788 |
| **Filing Date** | March 1, 1997 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 11, 1998 |
| **Registration Number** | 2219970 |
| **Registration Date** | January 26, 1999 |
| **Owner** | (REGISTRANT) Hayward Enterprises, Inc. CORPORATION CALIFORNIA 2700 Napa Valley Corporate Drive Suite L Napa CALIFORNIA 94558 |

| | |
|---|---|
| **Attorney of Record** | JOHN W. CALKINS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PUREE" and "NAPA VALLEY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

[TESS HOME] [NEW USER] [STRUCTURED] [FREE FORM] [BROWSE DICT] [SEARCH OG] [TOP] [HELP] [CURR LIST]
[FIRST DOC] [PREV DOC] [NEXT DOC] [LAST DOC]

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

## **EXHIBIT 3**
(Attached)

