1  Randolf Krbechek (SBN 143120)
   CASWELL BELL & HILLISON LLP
2  5200 North Palm Avenue, Suite 211
   Fresno, CA 93704
3  Telephone: 559/225-6550
   Facsimile: 559/225-7912
4  Email: rkrbechek@caswellbell.com

5  Attorneys for Lyons Magnus, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYWARD ENTERPRISES, INC., a California corporation, | Case No. 3:08-CV-00971-PJH |
| Plaintiff, | **ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DECLARATORY RELIEF** |
| vs. | |
| CREATIVE JUICES, INC., a California corporation, LYONS MAGNUS, INC., a California corporation, | |
| Defendants. | |
| LYONS MAGNUS, INC., a California corporation, | |
| Counterclaimant, | |
| vs. | |
| HAYWARD ENTERPRISES, INC., a California corporation, | |
| Counterdefendant. | |

### ANSWER TO COMPLAINT

Defendant Lyons Magnus, Inc., answers the Complaint on file herein as follows:

////

////

1

Answer and Counterclaim

1. Answering the allegations of paragraph 1 of the complaint, this answering defendant admits that plaintiff holds the federal trademark registrations for the marks "The Perfect Puree" and "The Perfect Puree of Napa Valley," but, otherwise, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

2. Answering the allegations of paragraph 2 of the complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

3. This answering defendant admits the allegations of paragraphs 3 through 6, inclusive, of the complaint on file herein.

4. Answering the allegations of paragraph 7 of the complaint, this answering defendant admits that plaintiff holds the federal trademark registrations for the marks "The Perfect Puree" and "The Perfect Puree of Napa Valley," but, otherwise, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

5. Answering the allegations of paragraph 8 of the complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

6. Answering the allegations of paragraph 9 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

////

7. Answering the allegations of paragraph 10 of the complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

8. Answering the allegations of paragraph 11 of the complaint, this answering defendant admits that plaintiff's products are distributed in a 30-ounce plastic jar, with a white label imprinted with the words "The Perfect Puree of Napa Valley," but, otherwise, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

9. Answering the allegations of paragraphs 12 through 15, inclusive, of the complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

10. Answering the allegations of paragraph 16 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

11. This answering defendant admits, in a generalized sense, the allegations of paragraph 17-18 of the complaint on file herein, but denies that there is anything wrongful with the conduct described therein, and further asserts that all such conduct is protected by the privileges of fair use and free market competition.

12. Answering the allegations of paragraph 19 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

13. Answering the allegations of paragraph 20 of the complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of

knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

14. This answering defendant admits the allegations of paragraph 21 of the complaint on file herein.

15. Answering the allegations of paragraphs 22 through 25, inclusive, of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## FIRST CLAIM FOR RELIEF

16. Answering the allegations of paragraph 26 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 25, inclusive, as if set forth in full herein.

17. Answering the allegations of paragraph 27 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## SECOND CLAIM FOR RELIEF

18. Answering the allegations of paragraph 28 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 27, inclusive, as if set forth in full herein.

19. Answering the allegations of paragraph 29 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## THIRD CLAIM FOR RELIEF

20. Answering the allegations of paragraph 30 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 29, inclusive, as if set forth in full herein.

21. Answering the allegations of paragraph 31 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

Answer and Counterclaim

## FOURTH CLAIM FOR RELIEF

22. Answering the allegations of paragraph 32 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 31, inclusive, as if set forth in full herein.

23. Answering the allegations of paragraph 33 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## FIFTH CLAIM FOR RELIEF

24. Answering the allegations of paragraph 34 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 33, inclusive, as if set forth in full herein.

25. Answering the allegations of paragraph 35 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## SIXTH CLAIM FOR RELIEF

26. Answering the allegations of paragraph 36 of the complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 35, inclusive, as if set forth in full herein.

27. Answering the allegations of paragraph 37 of the complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

28. As a first and separate affirmative defense, this answering defendant alleges that the complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against defendant, or at all.

### Second Affirmative Defense

29. As a second and separate affirmative defense, this answering defendant

alleges that the complaint and each and every cause of action alleged in it are barred by the doctrine of fair use.

### Third Affirmative Defense

30. As a third and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred because all of defendant's actions alleged therein are and were absolutely and/or qualifiedly privileged.

### Fourth Affirmative Defense

31. As a fourth and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred because plaintiff's trademark is unprotectible and lacks secondary meaning.

### Fifth Affirmative Defense

32. As a fifth and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred because confusion is not likely and there is no dilution.

### Sixth Affirmative Defense

33. As a sixth and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred because plaintiff has unclean hands in its conduct, acts and omissions to act, relating to the matters alleged in the complaint.

### Seventh Affirmative Defense

34. As a seventh and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred by the Constitution of the United States of America.

### Eighth Affirmative Defense

35. As an eighth and separate affirmative defense, this answering defendant alleges that the complaint and each and every cause of action alleged in it are barred because none of defendant's advertising was false or untruthful.

## COUNTERCLAIM

Counterclaimant Lyons Magnus, Inc. ("Lyons") alleges:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202, and arises under the trademark laws of the United States.

2. This court has jurisdiction of the subject matter of this action under 28 U.S.C. sections 1331, 1338, and 1367(a), the Lanham Act, and principles of supplemental and ancillary jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. sections 1391(b) and 1391(c).

### PARTIES

4. Counterclaimant Lyons Magnus, Inc., is a California corporation with its principal place of business located at 3158 E. Hamilton Avenue, Fresno, California 93702.

5. Counterdefendant Hayward Enterprises, Inc., is a California corporation with its principal place of business located at 2700 Napa Valley Corporate Drive, Suite L, Napa, California 94558.

### COUNT ONE: FOR INJUNCTION

6. For many years, Lyons has developed, marketed, and sold a variety of fruit-based products. Fruit purees are among the many products marketed by Lyons.

12. Since at least October 2007, Lyons has marketed and sold fruit purees under the trade name "Fruit Pure." Examples of Lyons' use of the trade name and marketing descriptions are set forth below:

////
////
////
////



7. On March 1, 1997, counterdefendant Hayward Enterprises, Inc. filed an application to register THE PERFECT PUREE OF NAPA VALLEY and design. A registration issued on January 26, 1999 for food products, namely, pureed berries, pureed fruit, and pureed vegetables, with U.S. Trademark Registration No. 2,219,970. Shown below is the design sample that was registered by counterdefendant:

8. On May 8, 2007, Hayward Enterprises, Inc. filed an application to register THE PERFECT PUREE. A registration issued on January 22, 2008 for food products, namely, pureed fruits and pureed vegetables, with U.S. Trademark Registration No. 3,372,000.

////

9. Counterdefendant has alleged that Lyons' use of the trade name "Fruit Pure" is in violation of its federal trademarks, and in violation of provisions of California law. Counterdefendant has demanded that the Lyons immediately stop using the "Fruit Pure" trade name.

10. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that its actions do not infringe the rights of the counterdefendant in its trademarks.

11. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that there is no likelihood of confusion as a result of Lyons' use of the "Fruit Pure" trade name.

12. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that its use of the "Fruit Pure" trade name does not infringe the counterdefendant's U.S. Trademark Registration Nos. 2,219,970 or 3,372,000.

13. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that the container used by counterdefendant for its fruit puree products is functional, and it does not identify a particular source for the product.

14. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that counterdefendant does not have an exclusive right to use the container that counterdefendant uses for its puree products.

15. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that Lyons' use of its containers for fruit puree products does not infringe the rights of the counterdefendant.

16. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that there is no likelihood of confusion between Lyons' label or other packaging and the counterdefendant's label or packaging.

////

17. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that Lyons' use of its labels or packaging for fruit puree products does not infringe the rights of the counterdefendant.

18. An actual controversy has arisen and now exists between Lyons and counterdefendant, in that Lyons contends that its actions are not likely to cause confusion with, or cause mistake as to the source of, the goods or services of the counterdefendant.

19. By reason of the foregoing, there exists a substantial controversy between the parties.

20. Lyons desires a judicial determination of its rights and powers with respect to the "Fruit Pure" trade name. Lyons seeks a determination that it is entitled to continue to use the "Fruit Pure" trade name, the containers, and the labels and packaging without interference by the counterdefendant.

21. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Lyons may ascertain its rights and powers with respect to the "Fruit Pure" trade name.

**WHEREFORE**, defendant Lyons Magnus, Inc. prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;

2. For a declaration that there is no likelihood of confusion between the "Fruit Pure" trade name and U.S. Trademark Registration No. 2,219,970;

3. For a declaration that there is no likelihood of confusion between the "Fruit Pure" trade name and U.S. Trademark Registration No. 3,372,000;

4. For a declaration that Lyons' use of the "Fruit Pure" trade name does not infringe the rights of the counterdefendant;

5. For a declaration that Lyons' containers do not infringe the rights of the counterdefendant;

6. For a declaration that Lyons' labels and packaging do not infringe the rights of the counterdefendant;

////

7. For a declaration that Lyons is entitled to continued use of the "Fruit Pure" trade name in connection with its goods and services;

8. For an order preliminarily and permanently enjoining the counterdefendant from interfering with, or otherwise harassing, Lyons in its use of the "Fruit Pure" trade name;

9. For costs of suit incurred herein;

10. For reasonable attorneys' fees; and

11. For such other and further relief as the court deems just, equitable, and proper.

DATED: March 12, 2008.

CASWELL BELL & HILLISON LLP

By: *[signature]*
Randolf Krbechek
Attorneys for Lyons Magnus, Inc.

Answer and Counterclaim

# PROOF OF SERVICE

STATE OF CALIFORNIA  ) 
) ss.
COUNTY OF FRESNO     )

I declare that I am a citizen of the United States and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction service was made. My business address is 5200 North Palm Avenue, Suite 211, Fresno, California, 93704-2225.

On March 12, 2008, I served the foregoing document(s) described as: ***Answer to Complaint and Counterclaim for Declaratory Relief*** on the below-named in this action

(X)   by placing (X) true copies ( ) the original thereof enclosed in a sealed envelope addressed as follows:

Stan D. Blyth, Esq.
11 Embarcadero West, Suite 145
Oakland, CA  94607

(X)   **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X)   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 12, 2008, at Fresno, California.

KATHY J. FLEENOR