1  Randolf Krbechek (SBN 143120)
   CASWELL BELL & HILLISON LLP
2  5200 North Palm Avenue, Suite 211
   Fresno, CA 93704
3  Telephone:  559/225-6550
   Facsimile:  559/225-7912
4  Email:  rkrbechek@caswellbell.com

5  Attorneys for Creative Juices, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  HAYWARD ENTERPRISES, INC.,        )
    a California corporation,          )
11             Plaintiff,             )
                                      )   Case No. 3:08-CV-00971-PJH
12          vs.                       )
                                      )   ANSWER TO AMENDED COMPLAINT,
13  CREATIVE JUICES, INC.,            )   AND COUNTERCLAIM
    a Massachusetts corporation, and  )
14  LYONS MAGNUS, INC.,               )
    a California corporation,         )
15             Defendants.            )
    _____   )
16                                    )
    CREATIVE JUICES, INC.,            )
17  a Massachusetts corporation,      )
               Counterclaimant,       )
18                                    )
            vs.                       )
19                                    )
    HAYWARD ENTERPRISES, INC.,        )
20  a California corporation,         )
               Counterdefendant.      )
21  _____   )

22      The defendant Creative Juices, Inc. ("Creative Juices") answers the amended

23  complaint of Hayward Enterprises, Inc. ("Hayward") as follows:

                                    1
                          _____
                          Answer and Counterclaim

1    1.    With respect to the first paragraph of the amended complaint, Creative

2    Juices admits only that federal trademark registrations for the marks THE PERFECT

3    PUREE OF NAPA VALLEY and THE PERFECT PURÉE issued in the name of the

4    plaintiff and that Creative Juices uses the term "fruitpuré" on its packaging for fruit

5    purées.  Creative Juices lacks information on which to form a belief with respect to the

6    truth or accuracy of the ownership of the marks.  Creative Juices denies the remaining

7    allegations of paragraph 1 of the amended complaint.

8    2.    Creative Juices admits the allegations of paragraph 2 of the amended

9    complaint.

10    3.    With respect to the third paragraph of the amended complaint, Creative

11    Juices admits only that it is a Massachusetts corporation and that defendant Lyons

12    Magnus, Inc. is a California corporation, with a place of business at 3158 E. Hamilton

13    Ave., Fresno, California 93702.  Creative Juices further states that its principal place of

14    business is at 100 Cummings Center, Suite 220B, Beverly, Massachusetts 01915.

15    Creative Juices denies the remaining allegations of paragraph 3 of the amended

16    complaint.

17    4.    Creative Juices admits the allegations of paragraph 4 of the amended

18    complaint.

19    5.    With respect to the fifth paragraph of the amended complaint, Creative

20    Juices admits only that it transacted business in the State of California.  Creative Juices

21    denies the remaining allegations of paragraph 5 of the amended complaint.

Answer and Counterclaim

1    6.    With respect to the sixth paragraph of the amended complaint, Creative

2    Juices admits only that venue is proper.  Creative Juices denies the remaining allegations

3    of paragraph 6 of the amended complaint.

4    7.    With respect to the seventh paragraph of the amended complaint, Creative

5    Juices admits only that federal trademark registrations for the marks THE PERFECT

6    PUREE OF NAPA VALLEY for "food products, namely, pureed berries, purred fruits,

7    pureed vegetables" and THE PERFECT PURÉE for "food products, namely, pureed

8    fruits and pureed vegetables" issued in the name of the plaintiff, that the registration of

9    the mark THE PERFECT PUREE OF NAPA VALLEY is incontestable, and that

10   Exhibits 1 and 2 of the amended complaint are true and accurate copies of printouts from

11   the TESS database for these registrations, which indicate that the registration for THE

12   PERFECT PUREE OF NAPA VALLEY disclaims the words "PUREE" and "NAPA

13   VALLEY," and that the registration for THE PERFECT PURÉE disclaims the word

14   "PURÉE."  Creative Juices lacks information on which to form a belief with respect to

15   the truth or accuracy of the ownership of the marks.  Creative Juices denies the remaining

16   allegations of paragraph 7 of the amended complaint.

17   8.    Creative Juices lacks information on which to form a belief with respect to

18   the truth or accuracy of the allegations in paragraph 8 of the amended complaint and

19   therefore denies the same.  Creative Juices further states that the specimen filed with the

20   application to register PUREED PERFECT that issued as U.S. Trademark Registration

21   No. 1,727,860 for processed fruit has a brand name featuring the letter-string "PURÉ,"

22   using an accent mark over the "É" following the letter "R".  The trademark has been

23   registered since October 27, 1992, stating a date of first use in commerce of February

3

1   1988.  A true and accurate copy of the specimen and registration are attached hereto as

2   Exhibit "A".

3   　　　9.　　　Creative Juices denies the allegations of paragraph 9 of the amended

4   complaint.

5   　　　10.　　Creative Juices lacks information on which to form a belief with respect to

6   the truth or accuracy of the allegations in paragraph 10 of the amended complaint and

7   therefore denies the same.

8   　　　11.　　With respect to the eleventh paragraph of the amended complaint, Creative

9   Juices admits only that the plaintiff sells its products in a 30 ounce white jar with a label

10  having a white background, a portion of which is depicted in what appears to be an

11  overexposed photograph in Exhibit 3 of the amended complaint, and that the jar speaks

12  for itself.  Creative Juices denies the remaining allegations of paragraph 11 of the

13  amended complaint.

14  　　　12.　　Creative Juices lacks information on which to form a belief with respect to

15  the truth or accuracy of the allegations in paragraph 12 of the amended complaint

16  concerning when the plaintiff began using the jar depicted in Exhibit 3 of the amended

17  complaint and therefore denies the same.  Creative Juices denies the remaining

18  allegations of paragraph 12 of the amended complaint.

19  　　　13.　　Creative Juices lacks information on which to form a belief with respect to

20  the truth or accuracy of the allegations in paragraph 13 of the amended complaint and

21  therefore denies the same.

4

14. Creative Juices lacks information on which to form a belief with respect to the truth or accuracy of the allegations in paragraph 14 of the amended complaint and therefore denies the same.

15. Creative Juices lacks information on which to form a belief with respect to the truth or accuracy of the allegations in paragraph 15 of the amended complaint and therefore denies the same.

16. Creative Juices denies the allegations of paragraph 16 of the amended complaint.

17. With respect to the seventeenth paragraph of the amended complaint, Creative Juices admits only that it markets and distributes its fruit purée products with the term "fruitpuré" on its packaging. Creative Juices denies the remaining allegations of paragraph 17 of the amended complaint.

18. With respect to the eighteenth paragraph of the amended complaint, Creative Juices admits only that its products are distributed in a 30 ounce white jar with a label that does not have a white background, and that the jar and label speak for themselves. Creative Juices denies the remaining allegations of paragraph 18 of the amended complaint.

19. Creative Juices denies the allegations of paragraph 19 of the amended complaint.

20. Creative Juices lacks information on which to form a belief with respect to the truth or accuracy of the allegations in paragraph 20 of the amended complaint and therefore denies the same.

5

1      21.     With respect to the twenty-first paragraph of the amended complaint,

2    Creative Juices admits only that it received a letter from the plaintiff's counsel, which

3    speaks for itself, and that it responded to the letter.  Creative Juices lacks information on

4    which to form a belief with respect to the truth or accuracy of the allegations in paragraph

5    21 of the amended complaint concerning actions by Lyons Magnus, Inc. and therefore

6    denies the same.  Creative Juices denies the remaining allegations of paragraph 21 of the

7    amended complaint.

8      22.     Creative Juices denies the allegations of paragraph 22 of the amended

9    complaint.

10      23.     Creative Juices denies the allegations of paragraph 23 of the amended

11    complaint.

12      24.     With respect to the twenty-fourth paragraph of the amended complaint,

13    Creative Juices admits only that it continues to lawfully sell its products.  Creative Juices

14    denies the remaining allegations of paragraph 24 of the amended complaint.

15      25.     Creative Juices denies the allegations of paragraph 25 of the amended

16    complaint.

17      26.     Creative Juices repeats and realleges paragraphs 1 through 25 of this

18    answer and counterclaim as if they were fully set forth.

19      27.     Creative Juices denies the allegations of paragraph 27 of the amended

20    complaint.

21      28.     Creative Juices repeats and realleges paragraphs 1 through 27 of this

22    answer and counterclaim as if they were fully set forth.

1    29.    Creative Juices denies the allegations of paragraph 29 of the amended

2    complaint.

3    30.    Creative Juices repeats and realleges paragraphs 1 through 29 of this

4    answer and counterclaim as if they were fully set forth.

5    31.    Creative Juices denies the allegations of paragraph 31 of the amended

6    complaint.

7    32.    Creative Juices repeats and realleges paragraphs 1 through 31 of this

8    answer and counterclaim as if they were fully set forth.

9    33.    Creative Juices denies the allegations of paragraph 33 of the amended

10    complaint.

11    34.    Creative Juices repeats and realleges paragraphs 1 through 33 of this

12    answer and counterclaim as if they were fully set forth.

13    35.    Creative Juices denies the allegations of paragraph 35 of the amended

14    complaint.

15    36.    Creative Juices repeats and realleges paragraphs 1 through 35 of this

16    answer and counterclaim as if they were fully set forth.

17    37.    Creative Juices denies the allegations of paragraph 37 of the amended

18    complaint.

19    ## FIRST AFFIRMATIVE DEFENSE

20    38.    The amended complaint fails to state a claim upon which relief can be

21    granted.

7

Answer and Counterclaim

SECOND AFFIRMATIVE DEFENSE

39.    The plaintiff is estopped from making the claims regarding infringement of its registered trademarks as it has disclaimed the word "PURÉE" in its registration of THE PERFECT PURÉE and has disclaimed the word "PUREE" in its registration of THE PERFECT PUREE OF NAPA VALLEY.

THIRD AFFIRMATIVE DEFENSE

40.    The word "purée" is a generic term meaning a food, especially a vegetable or fruit, that has been put through a sieve, blender, or the like.

41.    The generic term "purée" has an accent over the "é" following the letter "r" as it is of French origin.

42.    The plaintiff does not have exclusive rights in the word "purée" to enforce.

FOURTH AFFIRMATIVE DEFENSE

43.    The claims of the amended complaint regarding the defendants' use of the term "fruitpuré" are barred by the doctrine of fair use because the term "fruitpuré" is descriptive of the goods offered by the defendant.

FIFTH AFFIRMATIVE DEFENSE

44.    The claims of the amended complaint regarding infringement of the plaintiff's THE PERFECT PUREE OF NAPA VALLEY mark are barred because there is no likelihood of confusion between THE PERFECT PUREE OF NAPA VALLEY and the term "fruitpuré."

8

1

SIXTH AFFIRMATIVE DEFENSE

2      45.    The claims of the amended complaint regarding infringement of the

3  plaintiff's THE PERFECT PURÉE mark are barred because there is no likelihood of

4  confusion between THE PERFECT PURÉE and the term "fruitpuré."

5

SEVENTH AFFIRMATIVE DEFENSE

6      46.    The plaintiff's claims are barred as the plaintiff's packaging is functional

7  and not protectable under trademark or unfair competition law.

8

EIGHTH AFFIRMATIVE DEFENSE

9      47.    The plaintiff's claims are barred as the plaintiff's packaging is not

10  protectable because it is not inherently distinctive.

11

NINTH AFFIRMATIVE DEFENSE

12      48.    The plaintiff's claims are barred as the plaintiff's packaging is not

13  protectable because it has not acquired secondary meaning.

14

TENTH AFFIRMATIVE DEFENSE

15      49.    The registration for THE PERFECT PUREE OF NAPA VALLEY

16  trademark is invalid under 15 U.S.C. §1052(d) because of the registration of PUREED

17  PERFECT, U.S. Registration No. 1,727,860.

18

ELEVENTH AFFIRMATIVE DEFENSE

19      50.    The registration for THE PERFECT PURÉE trademark is invalid under 15

20  U.S.C. §1052(d) because of the registration of PUREED PERFECT, U.S. Registration

21  No. 1,727,860.

COUNTERCLAIM

NATURE OF THE ACTION

51.    This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, which arises under the trademark laws of the United States, 15 U.S.C. §1051, et seq., and for cancellation of federal trademark registrations.

JURISDICTION AND VENUE

52.    This court has jurisdiction of the subject matter of this action under 28 U.S.C. §§1331, 1367(a), and 1338, the Lanham Act, Title 15 of the United States Code, and principles of supplemental and ancillary jurisdiction.

53.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c).

THE PARTIES

54.    The plaintiff-in-counterclaim, Creative Juices, Inc., is a Massachusetts corporation with a place of business at 100 Cummings Center, Suite 220B, Beverly, Massachusetts 01915.

55.    The defendant-in-counterclaim, Hayward Enterprises, Inc., is a California corporation with a place of business at 2700 Napa Valley Corporate Drive, Ste. L, Napa, California 94558.

FACTS COMMON TO ALL COUNTS

56.    The plaintiff-in-counterclaim, Creative Juices, Inc. ("Creative Juices"), has developed, marketed, and sold fruit beverages and other products relating to making cocktails since at least June 6, 1995.

57.    At least as early as 1998, Creative Juices began selling fruit purées in affiliation with Lyons Magnus, Inc.

10

1    58.    Since at least July 24, 2007, Creative Juices has used the term "fruitpuré" in

2    association with its fruit purée products.  Attached hereto and made a part hereof as

3    Exhibit "B" is a true and accurate depiction of the fruit purée products of Creative Juices

4    bearing the term "fruitpuré."

5    59.    Creative Juices distributes its purée products in containers that may be used

6    with a store and pour system for making cocktails.

7    60.    The defendant-in-counterclaim, Hayward Enterprises, Inc. ("Hayward"),

8    manufactures and sells fruit purée products.

9    61.    On March 1, 1997, Hayward filed an application to register THE PERFECT

10    PUREE OF NAPA VALLEY and design.  A registration issued on January 26, 1999 for

11    food products, namely, pureed berries, pureed fruit, and pureed vegetables, with U.S.

12    Trademark Registration No. 2,219,970.

13    62.    U.S. Trademark Registration No. 2,219,970 includes the disclaimer, "no

14    claim is made to the exclusive right to use "PUREE" and "NAPA VALLEY" apart from

15    the mark as shown."

16    63.    On May 8, 2007, Hayward filed an application to register THE PERFECT

17    PUREE.  The application was later amended to register THE PERFECT PURÉE, with an

18    accent over the "É" following the letter "R".  A registration issued on January 22, 2008

19    for food products, namely, pureed fruits and pureed vegetables, with U.S. Trademark

20    Registration No. 3,372,000.

21    64.    U.S. Trademark Registration No. 3,372,000 includes the disclaimer, "no

22    claim is made to the exclusive right to use "PURÉE" apart from the mark as shown."

65.     Hayward has alleged that Creative Juices' use of the term "fruitpuré" is in violation of its federally registered trademarks and California law.

66.     Hayward has demanded that Creative Juices immediately stop using the term "fruitpuré."

67.     The word "purée" is a generic term meaning a food, especially a vegetable or fruit, that has been put through a sieve, blender, or the like.

68.     The generic term "purée" has an accent over the "é" following the letter "r" as it is of French origin.

69.     The only portions of Hayward's THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÉE trademarks that have any overlap with the term "fruitpuré" are the letters "p", "u", "r", and "é", with an accent over the "é". These letters spell the word "puré" in the term "fruitpuré" used by Creative Juices. The term "puré" is used as a variation of the word "pure," which means that the fruit product does not have adulterants or impurities.

70.     The word "pure" is different in sight, sound, and meaning from the word "purée."

71.     Hayward has disclaimed the word "PUREE" in its registration of THE PERFECT PUREE OF NAPA VALLEY.

72.     Hayward has disclaimed the word "PURÉE" in its registration of THE PERFECT PURÉE.

73.     There is no likelihood of confusion between THE PERFECT PUREE OF NAPA VALLEY mark and the term "fruitpuré."

74.    There is no likelihood of confusion between THE PERFECT PURÉE mark and the term "fruitpuré."

75.    There is no likelihood of confusion as a result of Creative Juices' use of the term "fruitpuré."

76.    Creative Juices' actions do not infringe the rights of Hayward in its trademarks.

77.    The container used by Hayward for its fruit purée products is functional.

78.    The container used by Hayward for its fruit purée products is not inherently distinctive.

79.    The container used by Hayward for its fruit purée products has not acquired secondary meaning.

80.    The container used by Hayward for its fruit purée products is not protectable under trademark or unfair competition law.

81.    Hayward does not have an exclusive right to use the container that it uses for its purée products.

82.    The container used by Creative Juices for its fruit purée products is functional.

83.    There is no likelihood of confusion between Creative Juices' label or other packaging and Hayward's label or packaging.

84    Creative Juices' actions are not likely to cause confusion with, or cause mistake as to the source of, the goods or services of Hayward.

Answer and Counterclaim

85.    Creative Juices' actions are not likely to deceive as to the origin of, sponsorship of, affiliation with, or approval by Hayward of the goods or services of Creative Juices.

86.    U.S. Trademark Registration No. 1,727,860 for PUREED PERFECT issued on October 27, 1992 for processed fruit.

87.    According to the registration, the first use in commerce of the PUREED PERFECT trademark was February 1988, which predates Hayward's first use in commerce of its THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÉE trademarks.

88.    The PUREED PERFECT trademark is similar to THE PERFECT PUREE OF NAPA VALLEY and was in commercial use and was registered before Hayward registered or began using its THE PERFECT PUREE OF NAPA VALLEY trademark.

89.    The PUREED PERFECT trademark is similar to THE PERFECT PURÉE and was in commercial use and was registered before Hayward registered or began using its THE PERFECT PURÉE trademark.

90.    Hayward's THE PERFECT PUREE OF NAPA VALLEY trademark is invalid.

91.    Hayward's THE PERFECT PURÉE trademark is invalid.

92.    Hayward has commenced its action in order to stop legitimate competition in the market for puréed fruit.

93.    Hayward is using its federal trademark registrations for THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÉE to quash use of the generic term "purée" and words that have at least four letters in common with the term "purée."

14

1    94.    Hayward's anti-competitive actions are a misuse of its trademark

2  registrations.

3    95.    By reason of the foregoing, there exists a substantial controversy between

4  the parties.

5    96.    A judicial determination is necessary and appropriate at this time under the

6  circumstances in order that Creative Juices may ascertain its rights with respect to its use

7  of the term "fruitpuré" and its product packaging.

8  <u>COUNT I</u>

9  <u>(Declaratory Relief of Non-Infringement)</u>

10    97.    Creative Juices repeats and realleges paragraphs 1 to 96 of this answer and

11  counterclaim as if they were fully set forth.

12    98.    Creative Juices' use of the term "fruitpuré" does not infringe Hayward's

13  U.S. Trademark Registration No. 2,219,970.

14    99.    Creative Juices' use of the term "fruitpuré" does not infringe Hayward's

15  U.S. Trademark Registration No. 3,372,000.

16    100.    Creative Juices' use of the term "fruitpuré" does not infringe the rights of

17  Hayward.

18    101.    Creative Juices' use of the containers used for their purée products does not

19  infringe the rights of Hayward.

20    102.    Creative Juices' use of the labels or packaging used for their purée products

21  does not infringe the rights of Hayward.

22    103.    Creative Juices is entitled to continue to use the term "fruitpuré," the

23  containers, and the labels and packaging without interference by Hayward.

15

1

COUNT II

2

(Cancellation of Federal Trademark Registration for Trademark Misuse)

3      104.    Creative Juices repeats and realleges paragraphs 1 to 103 of this answer and

4    counterclaim as if they were fully set forth.

5      105.    Creative Juices has been damaged by Hayward's misuse of its U.S.

6    Trademark Registration No. 2,219,970.

7      106.    Creative Juices has been damaged by Hayward's misuse of its U.S.

8    Trademark Registration No. 3,372,000.

9      107.    Hayward's U.S. Trademark Registration No. 2,219,970 should be canceled.

10      108.    Hayward's U.S. Trademark Registration No. 3,372,000 should be canceled.

11

COUNT III

12

(Cancellation of Federal Trademark Registration under 15 U.S.C. §1119)

13      109.    Creative Juices repeats and realleges paragraphs 1 to 108 of this answer and

14    counterclaim as if they were fully set forth.

15      110.    Hayward's THE PERFECT PUREE OF NAPA VALLEY trademark

16    comprises a mark which so resembles the federally registered PUREED PERFECT

17    trademark as to be likely to cause confusion or mistake.

18      111.    Hayward's THE PERFECT PURÉE trademark comprises a mark which so

19    resembles the federally registered PUREED PERFECT trademark as to be likely to cause

20    confusion or mistake.

21      112.    Hayward's U.S. Trademark Registration No. 2,219,970 should be canceled.

22      113.    Hayward's U.S. Trademark Registration No. 3,372,000 should be canceled.

23

Answer and Counterclaim

1    WHEREFORE, Creative Juices, Inc. demands judgment:

2        A.    Dismissing Hayward's amended complaint in this action with prejudice.

3        B.    Awarding Creative Juices the costs and expenses of defending against this

4    action, including its attorneys' fees, costs, and expenses.

5        C.    Declaring pursuant to 28 U.S.C. §2201 that there is no likelihood of

6    confusion between the term "fruitpuré" and U.S. Trademark Registration No. 2,219,970.

7        D.    Declaring pursuant to 28 U.S.C. §2201 that there is no likelihood of

8    confusion between the term "fruitpuré" and U.S. Trademark Registration No. 3,372,000.

9        E.    Declaring pursuant to 28 U.S.C. §2201 that Creative Juices' use of the term

10    "fruitpuré" does not infringe the rights of Hayward.

11        F.    Declaring pursuant to 28 U.S.C. §2201 that Creative Juices' containers for

12    its purée products do not infringe the rights of Hayward.

13        G.    Declaring pursuant to 28 U.S.C. §2201 that Creative Juices' labels and

14    packaging for its purée products do not infringe the rights of Hayward.

15        H.    Declaring pursuant to 28 U.S.C. §2201 that Creative Juices is entitled to

16    continue to use the term "fruitpuré" in connection with its goods and services.

17        I.    Preliminarily and permanently enjoining Hayward from interfering with, or

18    otherwise harassing, Creative Juices in its use of the "fruitpuré" term.

19        J.    Canceling Hayward's U.S. Trademark Registration No. 2,219,970.

20        K.    Canceling Hayward's U.S. Trademark Registration No. 3,372,000.

21        L.    Determining and awarding to Creative Juices its costs and attorneys fees.

22        M.    Determining that this is an exceptional case under 15 U.S.C. §1117 and

23    awarding to Creative Juices increased damages, attorneys' fees, and costs.

Answer and Counterclaim

1      N.      Granting such other and further relief as this Court may deem just and

2  proper.

3      CREATIVE JUICES DEMANDS A TRIAL BY JURY.

4

Dated:  May 5, 2008                    CASWELL BELL & HILLISON LLP

5

6                                       Randolf Krbechek
                                        Attorneys for Creative Juices, Inc.

7

18

Answer and Counterclaim

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              )  ss.
COUNTY OF FRESNO               )

     I declare that I am a citizen of the United States and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction service was made. My business address is 5200 North Palm Avenue, Suite 211, Fresno, California, 93704-2225.

     On May 5, 2008, I served the foregoing document(s) described as: ***Answer to Amended Complaint and Counterclaim*** on the below-named in this action

(X)   by placing (X) true copies ( ) the original thereof enclosed in a sealed envelope addressed as follows:

Stan D. Blyth, Esq.
11 Embarcadero West, Suite 145
Oakland, CA  94607

(X)   **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X)   (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2008, at Fresno, California.

_____
KATHY J. FLEENOR

Answer and Counterclaim

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,727,860
Registered Oct. 27, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## PUREED PERFECT

SYSCO CORPORATION (DELAWARE CORPO-
RATION)
1390 ENCLAVE PARKWAY
HOUSTON, TX 770772027

FOR: PROCESSED FRUIT, IN CLASS 29 (U.S.
CL. 46).
FIRST USE 2-0-1988; IN COMMERCE
2-0-1988.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "PUREED", APART FROM
THE MARK AS SHOWN.

SER. NO. 74-106,885, FILED 10-18-1990.

MARGARET HOLTHUSEN, EXAMINING AT-
TORNEY

EXHIBIT A



# CLASSIC

## PURÉED PERFECT
## STRAWBERRIES

INGREDIENTS: STRAWBERRIES, STABILIZER, SUGAR AND COLORING.

1435932

**KEEP FROZEN**

# NET WT. 30 LBS. (13.61 Kg.)

 DISTRIBUTED BY SYSCO CORPORATION, HOUSTON, TEXAS 77077    2576



EXHIBIT B