Randolf Krbechek (SBN 143120)
Stephen P. Drobny (SBN 222929)
CASWELL BELL & HILLISON LLP
5200 North Palm Avenue, Suite 211
Fresno, CA 93704
Telephone: 559/225-6550
Facsimile: 559/225-7912
Email: rkrbechek@caswellbell.com

Attorneys for Lyons Magnus, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYWARD ENTERPRISES, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CREATIVE JUICES, INC., a California corporation,<br>LYONS MAGNUS, INC., a California corporation,<br><br>    Defendants. | Case No. 3:08-CV-00971-PJH<br><br>**ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIM** |
| LYONS MAGNUS, INC., a California corporation,<br><br>    Counterclaimant,<br><br>vs.<br><br>HAYWARD ENTERPRISES, INC., a California corporation,<br><br>    Counterdefendant. | |

## ANSWER TO COMPLAINT

Defendant Lyons Magnus, Inc., answers the Amended Complaint on file herein as follows:

1. Answering the allegations of paragraph 1 of the Amended Complaint, this answering defendant admits that plaintiff holds the federal trademark registrations for the marks THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÈE, but, otherwise, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

2. Answering the allegations of paragraph 2 of the Amended Complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

3. This answering defendant admits the allegations of paragraphs 3 through 6, inclusive, of the Amended Complaint on file herein.

4. Answering the allegations of paragraph 7 of the Amended Complaint, this answering defendant admits that plaintiff holds the federal trademark registrations for the marks THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÈE, but, otherwise, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

5. Answering the allegations of paragraph 8 of the Amended Complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

6. Answering the allegations of paragraph 9 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

////

7. Answering the allegations of paragraph 10 of the Amended Complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

8. Answering the allegations of paragraph 11 of the Amended Complaint, this answering defendant admits that plaintiff's products are distributed in a 30-ounce plastic jar, with a white label imprinted with the words "The Perfect Puree of Napa Valley," but, otherwise, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

9. Answering the allegations of paragraphs 12 through 15, inclusive, of the Amended Complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and based on such lack of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

10. Answering the allegations of paragraph 16 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

11. This answering defendant admits, in a generalized sense, the allegations of paragraph 17-18 of the Amended Complaint on file herein, but denies that there is anything wrongful with the conduct described therein, and further asserts that all such conduct is protected by the privileges of fair use and free market competition.

12. Answering the allegations of paragraph 19 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

13. Answering the allegations of paragraph 20 of the Amended Complaint on file herein, this answering defendant is without knowledge or belief sufficient to form a belief as to the truth of the allegations set forth in said paragraph and based on such lack

of knowledge or information, defendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

14. This answering defendant admits the allegations of paragraph 21 of the Amended Complaint on file herein.

15. Answering the allegations of paragraphs 22 through 25, inclusive, of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

### FIRST CLAIM FOR RELIEF

16. Answering the allegations of paragraph 26 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 25, inclusive, as if set forth in full herein.

17. Answering the allegations of paragraph 27 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

### SECOND CLAIM FOR RELIEF

18. Answering the allegations of paragraph 28 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 27, inclusive, as if set forth in full herein.

19. Answering the allegations of paragraph 29 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

### THIRD CLAIM FOR RELIEF

20. Answering the allegations of paragraph 30 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 29, inclusive, as if set forth in full herein.

21. Answering the allegations of paragraph 31 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

**FOURTH CLAIM FOR RELIEF**

22. Answering the allegations of paragraph 32 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 31, inclusive, as if set forth in full herein.

23. Answering the allegations of paragraph 33 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

**FIFTH CLAIM FOR RELIEF**

24. Answering the allegations of paragraph 34 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 33, inclusive, as if set forth in full herein.

25. Answering the allegations of paragraph 35 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

**SIXTH CLAIM FOR RELIEF**

26. Answering the allegations of paragraph 36 of the Amended Complaint on file herein, this answering defendant incorporates by reference each and every response to paragraphs 1 through 35, inclusive, as if set forth in full herein.

27. Answering the allegations of paragraph 37 of the Amended Complaint on file herein, this answering defendant denies each and every, all and the singular, generally and specifically, the allegations set forth therein.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

28. As a first and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against defendant, or at all.

////
////

### Second Affirmative Defense

29. As a second and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred by the doctrine of fair use.

### Third Affirmative Defense

30. As a third and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred because all of defendant's actions alleged therein are and were absolutely and/or qualifiedly privileged.

### Fourth Affirmative Defense

31. As a fourth and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred because plaintiff's trademark is unprotectible and lacks secondary meaning.

### Fifth Affirmative Defense

32. As a fifth and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred because confusion is not likely and there is no dilution.

### Sixth Affirmative Defense

33. As a sixth and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred because plaintiff has unclean hands in its conduct, acts and omissions to act, relating to the matters alleged in the complaint.

### Seventh Affirmative Defense

34. As a seventh and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred by the Constitution of the United States of America.

Eighth Affirmative Defense

35. As an eighth and separate affirmative defense, this answering defendant alleges that the Amended Complaint and each and every cause of action alleged in it are barred because none of defendant's advertising was false or untruthful.

Ninth Affirmative Defense

36. As a ninth and separate affirmative defense, this answering defendant alleges that Plaintiff is estopped from making the claims in its Amended Complaint regarding infringement of its registered trademarks as it has disclaimed the word "PURÉE" in its registration of THE PERFECT PURÉE and has disclaimed the word "PUREE" in its registration of the PERFECT PUREE OF NAPA VALLEY.

Tenth Affirmative Defense

37. As a tenth and separate affirmative defense, this answering defendant alleges that the word "purée" is a generic term meaning a food, especially a vegetable or fruit, that has been put through a sieve, blender, or the like.

38. The generic term "purée" has an accent over the "é" following the letter "r" as it is of French origin.

39. The plaintiff does not have exclusive rights in the word "purée" to enforce.

Eleventh Affirmative Defense

40. As an eleventh and separate affirmative defense, this answering defendant alleges that the plaintiff's packaging is functional and not protectable under trademark or unfair competition law.

Twelfth Affirmative Defense

41. As a twelfth and separate affirmative defense, this answering defendant alleges the plaintiff's claims are barred as the plaintiff's packaging is not protectable because it is not inherently distinctive.

////
////
////

Thirteenth Affirmative Defense

42. As a thirteenth and separate affirmative defense, this answering defendant alleges the plaintiff's claims are barred as the plaintiff's packaging is not protectable because it has not acquired secondary meaning.

Fourteenth Affirmative Defense

43. As a fourteenth and separate affirmative defense, this answering defendant alleges the registration for THE PERFECT PUREE OF NAPA VALLEY trademark is invalid under 15 U.S.C. § 1052(d) because of the registration of PUREED PERFECT, U.S. Registration No. 1,727,860.

Fifteenth Affirmative Defense

44. As a fifteenth and separate affirmative defense, this answering defendant alleges the registration for THE PERFECT PURÉE trademark is invalid under 15 U.S.C. § 1052(d) because of the registration of PUREED PERFECT, U.S. Registration No. 1,727,860.

**AMENDED COUNTERCLAIM**

Counterclaimant Lyons Magnus, Inc. ("Lyons") alleges:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202, which arises under the trademark laws of the United States, 15 U.S.C. § 1501, et seq., and for cancellation of federal trademark registrations.

2. This court has jurisdiction of the subject matter of this action under 28 U.S.C. sections 1331, 1338, and 1367(a), the Lanham Act, Title 15 of the United States Code and principles of supplemental and ancillary jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. sections 1391(b) and 1391(c).

**PARTIES**

4. Counterclaimant Lyons is a California corporation, with its principal place of business located at 3158 E. Hamilton Avenue, Fresno, California 93702.

5. Counterdefendant Hayward Enterprises, Inc. ("Counterdefendant") is a California corporation, with its principal place of business located at 2700 Napa Valley Corporate Drive, Suite L, Napa, California 94558.

**FACTS COMMON TO ALL COUNTS**

6. For many years, Lyons has developed, marketed, and sold a variety of fruit-based products. Fruit purees are among the many products marketed by Lyons.

7. Since at least October 2007, Lyons has marketed and sold fruit purees under the trade name "fruitpuré." Examples of Lyons' use of the trade name and marketing descriptions are set forth below:



Premium fruit puree

- All-natural, made from premium quality fruits and berries
- Packaged by Lyons in California's premier fruit growing region
- Easy to use wide-mouth container
- No artificial preservatives, colors or flavors
- Eliminates spoilage costs associated with fresh fruit
- Reduces prep time in kitchen or bar

8. On March 1, 1997, Counterdefendant filed an application to register THE PERFECT PUREE OF NAPA VALLEY and design. A registration issued on January 26, 1999 for food products, namely, pureed berries, pureed fruit, and pureed vegetables, with U.S. Trademark Registration No. 2,219,970. Shown below is the design sample that was registered by Counterdefendant:

///
///
///



9. U.S. Trademark Registration NO. 2,219,970 includes the disclaimer: "no claim is made to the exclusive right to use 'PUREE' and 'NAPA VALLEY' apart from the mark as shown."

10. On May 8, 2007, Counterdefendant filed an application to register THE PERFECT PUREE. The application was later amended to register THE PERFECT PURÈE, with an accent over the "È" following the letter "R". A registration issued on January 22, 2008 for food products, namely, pureed fruits and pureed vegetables, with

11. U.S. Trademark Registration No. 3,372,000 includes the disclaimer: "no claim is made to the exclusive right to use "PURÈE" apart from the mark as shown."

12. Counterdefendant has alleged that Lyons' use of the trade name "fruitpuré" is in violation of its federal trademarks, and in violation of provisions of California law. Counterdefendant has demanded that the Lyons immediately stop using the "fruitpuré" trade name.

13. The word "purée" is a generic term meaning a food, especially a vegetable or fruit, that has been put through a sieve, blender or the like.

14. The generic term "purée" has an accent over the "é" following the letter "r" as it is of French origin.

15. The only portions of Counterdefendant's THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÈE trademarks that have any overlap with the term "fruitpuré" are the letters "p", "u", "r", and "é", with an accent over the "é". These letters spell the work "puré" in the term "fruitpuré" used by Lyons. The term "puré" is

////

Answer to Amended Complaint and Amended Counterclaim

used as a variation of the word "puré," which means that the fruit product does not have adulterants or impurities.

16. The word "pure" is different in sight, sound and meaning from the word "purée."

17. Counterdefendant has disclaimed the word "PUREE" in its registration of the PERFECT PUREE OF NAPA VALLEY.

18. Counterdefendant has disclaimed the word "PURÈE" in its registration of THE PERFECT PURÈE.

19. There is no likelihood of confusion between THE PERFECT PURÈE mark and the term "fruitpuré."

20. There is no likelihood of confusion between THE PERFECT PUREE OF NAPA VALLEY mark and the term "fruitpuré."

21. There is no likelihood of confusion as a result of Lyons use of the term fruitpuré."

22. Lyons' actions do not infringe the rights of Counterdefendant in its trademarks.

23. The container used by Counterdefendant for its fruit purée products is functional.

24. The container used by Counterdefendant for its fruit purée products is not inherently distinctive.

25. The container used by Counterdefendant for its fruit purée products has not acquired secondary meaning.

26. The container used by Counterdefendant for its fruit purée products is not protectable under trademark or unfair competition law.

27. Counterdefendant does not have the exclusive right to use the container that its uses for its purée products.

28. The container that Lyons uses for its fruit purée products is functional.

////

Answer to Amended Complaint and Amended Counterclaim

29. There is no likelihood of confusion between Lyons' label or other packaging and Counterdefendant's label or packaging.

30. Lyons' actions are not likely to cause confusion with, or cause mistake as to the source of, the good or services of Counterdefendant.

31. Lyons' actions are not likely to deceive as to the origin of, sponsorship of, affiliation with, or approval by Counterdefendant of the goods or services of Lyons.

32. U.S. Trademark Registration No. 1,727,860 for PUREED PERFECT issued on October 27, 1992 for processed fruit.

33. According to the registration, the first use in commerce of the PUREED PERFECT trademark was February 1998, which predates Counterdefendant's first use in commerce of it's the PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÈE trademarks.

34. The PUREED PERFECT trademark is similar to THE PERFECT PUREE OF NAPA VALLEY and was in commercial use and was registered before Counterdefendant registered or began utilizing its THE PERFECT PUREE OF NAPA VALLEY trademark.

35. The PUREED PERFECT trademark is similar to THE PERFECT PURÈE and was in commercial use and was registered before Counterdefendant registered or began utilizing it's THE PERFECT PURÈE trademark.

36. Counterdefendant's THE PERFECT PUREE OF NAPA VALLEY trademark is invalid.

37. Counterdefendant's THE PERFECT PURÈE trademark is invalid.

38. Counterdefendant has commenced this action in order to stop legitimate competition in the market for puréed fruit.

39. Counterdefendant is using its federal trademark registrations for THE PERFECT PUREE OF NAPA VALLEY and THE PERFECT PURÈE to quash use of the generic term "purée" and words that have at least four letters in common with the term "purée."

Answer to Amended Complaint and Amended Counterclaim

1  40. Counterdefendant's anti-competitive actions are a misuse of its trademark registrations.

2  41. By reason of the foregoing, there exists a substantial controversy between the parties.

3  42. A judicial determination is necessary and appropriate at this time under the circumstances in order that Lyons may ascertain its rights with respect to its use of the term "fruitpuré" and its product packaging.

## COUNT ONE

### (Declaratory Relief of Non-Infringement)

43. Lyons realleges and incorporates paragraphs 1 to 41 of this counterclaim as if they were fully set forth herein.

44. Lyons' use of the term "fruitpuré" does not infringe Counterdefendant's U.S. Trademark Registration No. 2,219,970.

45. Lyons' use of the term "fruitpuré" does not infringe Counterdefendant's U.S. Trademark Registration No. 3,372,000.

46. Lyons' use of the term "fruitpuré" does not infringe the rights of Counterdefendant.

47. Lyons' use of the labels or packaging used for its purée products does not infringe the rights of Counterdefendant.

48. Lyons' use of the labels or packaging used for its purée products does not infringe the right s of Counterdefendant.

49. Lyons is entitled to continue to use the term "fruitpuré, and its containers, labels and packaging without interference by Counterdefendant.

## COUNT TWO

### (Cancellation of Federal Trademark Registration for Trademark Misuse)

50. Lyons realleges and incorporates paragraphs 1 to 48 of this counterclaim as if they were fully set forth herein.

////

Answer to Amended Complaint and Amended Counterclaim

51. Lyons has been damaged by Counterdefendant's misuse of its U.S. Trademark Registration No. 2,219,970.

52. Lyons has been damaged by Counterdefendant's misuse of its U.S. Trademark Registration No. 3,372,000.

53. Counterdefendant's U.S. Trademark Registration No. 2,219,970 should be canceled.

54. Counterdefendant's U.S. Trademark Registration No. 3,372,000 should be canceled.

## COUNT THREE

**(Cancellation of Federal Trademark Registration Under 15 U.S.C. § 1119)**

55. Lyons realleges and incorporates paragraphs 1 to 53 of this counterclaim as if they were fully set forth herein.

56. Counterdefendant's THE PERFECT PUREE OF NAPA VALLEY trademark comprises a mark which so resembles the federally registered PUREED PERFECT trademark as to be likely to cause confusion or mistake.

57. Counterdefendant's THE PERFECT PURÈE trademark comprises a mark which so resembles the federally registered PUREED PERFECT trademark as to be likely to cause confusion or mistake.

58. Counterdefendant's U.S. Trademark Registration No. 2,219,970 should be canceled.

59. Counterdefendant's U.S. Trademark Registration No. 3,372,000 should be canceled.

**WHEREFORE**, defendant Lyons Magnus, Inc. prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;

2. For a declaration that there is no likelihood of confusion between the "fruitpuré" trade name and U.S. Trademark Registration No. 2,219,970;

3. For a declaration that there is no likelihood of confusion between the "fruitpuré" trade name and U.S. Trademark Registration No. 3,372,000;

4. For a declaration that Lyons' use of the "fruitpuré" trade name does not infringe the rights of the counterdefendant;

5. For a declaration that Lyons' containers do not infringe the rights of the counterdefendant;

6. For a declaration that Lyons' labels and packaging do not infringe the rights of the counterdefendant;

7. For a declaration that Lyons is entitled to continued use of the "fruitpuré" trade name in connection with its goods and services;

8. For an order preliminarily and permanently enjoining the counterdefendant from interfering with, or otherwise harassing, Lyons in its use of the "fruitpuré" trade name;

9. For an Order canceling counterdefendant's U.S. Trademark Registration No. 2,219,970;

10. For an Order canceling counterderfendant's U.S. Trademark Registration No. 3,372,000;

11. For costs of suit incurred herein;

12. For reasonable attorneys' fees;

13. For a determination that this is an exceptional case under 15 U.S.C. § 1117 and awarding Lyons increased damages, attorneys' fees, and costs; and

14. For such other and further relief as the court deems just, equitable, and proper.

DATED: May 5, 2008.                              CASWELL BELL & HILLISON LLP

                                                 By: _____
                                                     Randolf Krbechek
                                                     Attorneys for Lyons Magnus, Inc.

Answer to Amended Complaint and Counterclaim

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF FRESNO      )

I declare that I am a citizen of the United States and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction service was made. My business address is 5200 North Palm Avenue, Suite 211, Fresno, California, 93704-2225.

On May 5, 2008, I served the foregoing document(s) described as: ***Answer to Amended Complaint and Amended Counterclaim*** on the below-named in this action

(X)  by placing (X) true copies ( ) the original thereof enclosed in a sealed envelope addressed as follows:

Stan D. Blyth, Esq.
11 Embarcadero West, Suite 145
Oakland, CA 94607

(X)  **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X)  **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 5, 2008, at Fresno, California.

_/s/Dolores Castro_
DOLORES M. CASTRO