STAN D. BLYTH, State Bar No. 166938
LAW OFFICES OF STAN D. BLYTH
11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff/Counterdefendant Hayward
Enterprises, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hayward Enterprises, Inc., a California corporation,<br><br>             Counterdefendant,<br><br><br>      vs.<br><br><br>Creative Juices, Inc., a Massachusetts corporation, Lyons Magnus, Inc., a California corporation,<br><br>        Defendants. | CASE NO. 08-0971 PJH<br><br>**ANSWER OF COUNTERDEFENDANT HAYWARD ENTERPRISES, INC. TO THE COUNTERCLAIM OF CREATIVE JUICES, INC.** |

AND RELATED COUNTERCLAIMS

    Counterdefendant Hayward Enterprises, Inc. ("Counterdefendant") answers the

Counterclaim of Counterclaimant Creative Juices, Inc. ("Counterclaimant") as follows:

    1.    In answering the allegations of paragraph 51 of Counterclaimant's

Counterclaim on file herein (the "Counterclaim"), Counterdefendant lacks knowledge or

1   information sufficient to form a belief as to the truth of the allegations set forth therein and

2   based on such lack of knowledge or information, Counterdefendant denies each and every, all

3   and singular, generally and specifically, the allegations set forth therein.

4       2.      Counterdefendant admits the allegations of paragraph 52 of the Counterclaim.

5       3.      Counterdefendant admits the allegations of paragraph 53 of the Counterclaim.

6       4.      In answering the allegations of paragraph 54 of the Counterclaim,
7   Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
8   the allegations set forth therein and based on such lack of knowledge or information,
9   Counterdefendant denies each and every, all and singular, generally and specifically, the
10  allegations set forth therein.
11

12      5.      Counterdefendant admits the allegations of paragraph 55 of the Counterclaim.

13      6.      In answering the allegations of paragraph 56 of the Counterclaim,
14  Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
15  the allegations set forth therein and based on such lack of knowledge or information,
16  Counterdefendant denies each and every, all and singular, generally and specifically, the
17  allegations set forth therein.
18

19      7.      In answering the allegations of paragraph 57 of the Counterclaim,
20  Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
21  the allegations set forth therein and based on such lack of knowledge or information,
22  Counterdefendant denies each and every, all and singular, generally and specifically, the
23  allegations set forth therein.
24

25      8.      In answering the allegations of paragraph 58 of the Counterclaim,
26  Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
27  the allegations set forth therein and based on such lack of knowledge or information,
28

Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

9.    In answering the allegations of paragraph 59 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

10.    Counterdefendant admits the allegations of paragraph 60 of the Counterclaim.

11.    Counterdefendant admits the allegations of paragraph 61 of the Counterclaim.

12.    Counterdefendant admits the allegations of paragraph 62 of the Counterclaim.

13.    Counterdefendant admits the allegations of paragraph 63 of the Counterclaim.

14.    Counterdefendant admits the allegations of paragraph 64 of the Counterclaim.

15.    Counterdefendant admits the allegations of paragraph 65 of the Counterclaim.

16.    Counterdefendant admits the allegations of paragraph 66 of the Counterclaim.

17.    In answering the allegations of paragraph 67 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

18.    In answering the allegations of paragraph 68 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

19.    In answering the allegations of paragraph 69 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

20.    In answering the allegations of paragraph 70 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

21.    Counterdefendant denies the allegations of paragraph 71 of the Counterclaim.

22.    Counterdefendant denies the allegations of paragraph 72 of the Counterclaim.

23.    Counterdefendant denies the allegations of paragraph 73 of the Counterclaim.

24.    Counterdefendant denies the allegations of paragraph 74 of the Counterclaim.

25.    Counterdefendant denies the allegations of paragraph 75 of the Counterclaim,

26.    Counterdefendant denies the allegations of paragraph 76 of the Counterclaim,

27.    Counterdefendant denies the allegations of paragraph 77 of the Counterclaim.

28.    Counterdefendant denies the allegations of paragraph 78 of the Counterclaim.

29.    Counterdefendant denies the allegations of paragraph 79 of the Counterclaim.

30.    Counterdefendant denies the allegations of paragraph 80 of the Counterclaim.

31.    Counterdefendant denies the allegations of paragraph 81 of the Counterclaim.

32.    Counterdefendant denies the allegations of paragraph 82 of the Counterclaim.

33.    Counterdefendant denies the allegations of paragraph 83 of the Counterclaim.

34.    Counterdefendant denies the allegations of paragraph 84 of the Counterclaim,

35.    Counterdefendant denies the allegations of paragraph 85 of the Counterclaim.

ANSWER TO COUNTERCLAIM                    4

36.    In answering the allegations of paragraph 86 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

37.    In answering the allegations of paragraph 87 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

38.    In answering the allegations of paragraph 88 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

39.    In answering the allegations of paragraph 89 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

40.    Counterdefendant denies the allegations of paragraph 90 of the Counterclaim.

41.    Counterdefendant denies the allegations of paragraph 91 of the Counterclaim.

42.    Counterdefendant denies the allegations of paragraph 92 of the Counterclaim.

43.    Counterdefendant denies the allegations of paragraph 93 of the Counterclaim.

44.    Counterdefendant denies the allegations of paragraph 94 of the Counterclaim.

45.    In answering the allegations of paragraph 95 of the Counterclaim, Counterdefendant admits only that a substantial controversy exists between the parties, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the remaining allegations set forth therein.

46.    In answering the allegations of paragraph 96 of the Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

47.    In answering the allegations of paragraph 97 of the Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 46, inclusive, as if said responses were set forth herein.

48.    Counterdefendant denies the allegations of paragraph 98 of the Counterclaim.

49.    Counterdefendant denies the allegations of paragraph 99 of the Counterclaim.

50.    Counterdefendant denies the allegations of paragraph 100 of the Counterclaim.

51.    Counterdefendant denies the allegations of paragraph 101 of the Counterclaim.

52.    Counterdefendant denies the allegations of paragraph 102 of the Counterclaim.

53.    Counterdefendant denies the allegations of paragraph 103 of the Counterclaim.

54.    In answering the allegations of paragraph 104 of the Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 53, inclusive, as if said responses were set forth herein.

55.    Counterdefendant denies the allegations of paragraph 105 of the Counterclaim.

56.    Counterdefendant denies the allegations of paragraph 106 of the Counterclaim.

57.    Counterdefendant denies the allegations of paragraph 107 of the Counterclaim.

58.    Counterdefendant denies the allegations of paragraph 108 of the Counterclaim.

59.    In answering the allegations of paragraph 109 of the Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 58, inclusive, as if said responses were set forth herein.

60.    Counterdefendant denies the allegations of paragraph 110 of the Counterclaim.

61.    Counterdefendant denies the allegations of paragraph 111 of the Counterclaim.

62.    Counterdefendant denies the allegations of paragraph 112 of the Counterclaim.

63.    Counterdefendant denies the allegations of paragraph 113 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

64.    As a first separate affirmative defense, Counterdefendant alleges that Counterclaimant does not have a personal interest beyond that of the general public in seeking cancellation of Counterdefendant's THE PERFECT PURÉE OF NAPA VALLEY and THE PERFECT PURÉE trademarks on the basis that the marks allegedly compromise the federally registered PUREED PERFECT trademark, and, as a result thereof, Counterclaimant does not have standing to bring such challenge.

### Second Affirmative Defense

65.    As a second separate affirmative defense, Counterdefendant alleges that the Counterclaim and each and every purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action against Counterdefendant.

/////

### Third Affirmative Defense

66.    As a third separate affirmative defense, Counterdefendant alleges that the Counterclaim and each and every purported cause of action alleged therein are barred because Counterclaimant has unclean hands in Counterclaimant's acts and omissions to act relating to the matters raised in the Counterclaim.

### Fourth Affirmative Defense

67.    As a fourth separate affirmative defense, Counterdefendant alleges that the packaging used for its products is non-functional and protectable under trademark and unfair competition laws.

### Fifth Affirmative Defense

68.    As a fifth separate affirmative defense, Counterdefendant alleges that the packaging used for its products has acquired a secondary meaning and is protectable under trademark and unfair competition laws.

### Sixth Affirmative Defense

69.    As a sixth separate affirmative defense, Counterdefendant alleges that the registrations for THE PERFECT PURÉE and THE PERFECT PURÉE OF NAPA VALLEY trademarks are valid under 15 U.S.C. §1052(d).

### Seventh Affirmative Defense

70.    As a seventh separate affirmative defense, Counterdefendant alleges that Counts One and Two of the Counterclaim are barred because Counterclaimant's advertising has been false and untruthful.

/////

/////

/////

**Eighth Affirmative Defense**

71.     As an eighth separate affirmative defense, Counterdefendant alleges that the packaging used for its products is inherently distinctive and protectable under trademark and unfair competition laws.

**Ninth Affirmative Defense**

72.     As a ninth separate affirmative defense, Counterdefendant alleges, given Counterclaimant's intent to cause confusion, the doctrine of fair use is inapplicable to Counterclaimant's use of the FRUIT PURÉ mark.

**Tenth Affirmative Defense**

73.     As a tenth separate affirmative defense, Counterdefendant alleges, given Counterclaimant's intent to cause confusion, the U.S. Constitution does not protect Counterclaimant's use of the FRUIT PURÉ mark.

**PRAYER FOR RELIEF**

WHEREFORE, Counterdefendant demands judgment dismissing the Counterclaim, awarding it the costs, expenses, and attorneys' fees it incurs in defending this matter, and awarding it such other relief as the Court deems just and proper.

//////

//////

//////

//////

//////

//////

//////

//////

//////

1

Dated:  May 16, 2008

2

Respectfully submitted,

3

LAW OFFICES OF STAN D. BLYTH

4

By _Stan D. Blyth_

5

Stan D. Blyth
11 Embarcadero West, Suite 145

6

Oakland, CA 94607
Telephone: (510) 272-0200

7

Facsimile: (510) 225-2384

8

J. Scott Gerien
Megan Ferrigan Healy

9

DICKENSON PEATMAN & FOGARTY

10

809 Coombs Street
Napa, California  94559

11

Telephone: (707) 252-7122
Facsimile: (707) 255-6876

12

13

Attorneys for Counterdefendant Hayward Enterprises, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **PROOF OF SERVICE BY MAIL**

2   (CCP Section 1013a)

3   I am at least 18 years of age, and I am employed in the county where the mailing took place. My

4   business address is:    11 Embarcadero West, Suite 145
                            Oakland, CA 94607

5

6   I served a copy of the following documents:

7   **ANSWER OF COUNTERDEFENDANT HAYWARD ENTERPRISES, INC., TO THE**

8   **COUNTERCLAIM OF CREATIVE JUICES, INC.**

9   by enclosing them in an envelope AND depositing the sealed envelope with the United States
    Postal Service with the postage fully prepaid.

10

11  The envelope was mailed as follows:

12  **Randolf Krbechek**
    Caswell Bell & Hillison LLP
13  5200 North Palm Avenue, Suite 211
    Fresno CA 93704
14  Attorneys for Counterclaimant Creative Juices, Inc.

15

16
    Date Mailed: May 16, 2008.
17  Place of Mailing: The County of Alameda, City of Oakland, California.

18

19  I declare under the penalty of perjury under the laws of the State of California that the forgoing is
    true and correct.
20

21  Date: May 16, 2008

22                          M. Garcia

23

24

25