1    STAN D. BLYTH, State Bar No. 166938
LAW OFFICES OF STAN D. BLYTH
2    11 Embarcadero West, Suite 145
Oakland, CA 94607
3    Telephone: (510) 272-0200
Facsimile: (510) 225-2384
4

5    J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
6    DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
7    Napa, California 94559
Telephone: (707) 252-7122
8    Facsimile: (707) 255-6876

9    Attorneys for Plaintiff/Counterdefendant  Hayward
Enterprises, Inc.
10

11             UNITED STATES DISTRICT COURT

12           NORTHERN DISTRICT OF CALIFORNIA

13

14    Hayward Enterprises, Inc., a California      CASE NO.  08-0971 PJH
corporation,
15                       **ANSWER OF COUNTERDEFENDANT**
            Counterdefendant,        **HAYWARD ENTERPRISES, INC. TO**
16                       **THE AMENDED  COUNTERCLAIM OF**
                      **LYONS MAGNUS, INC.**
17
           vs.
18

19    Creative Juices, Inc., a Massachusetts
20    corporation, Lyons Magnus, Inc., a
California corporation,
21
          Defendants.
22

23    AND RELATED COUNTERCLAIMS

24        Counterdefendant  Hayward  Enterprises,  Inc.  ("Counterdefendant")  answers  the
25    Amended  Counterclaim  of  Counterclaimant  Lyons  Magnus,  Inc.  ("Counterclaimant")  as
26    follows:
27

28

   ANSWER TO COUNTERCLAIM               1

STAN D. BLYTH, State Bar No. 166938
LAW OFFICES OF STAN D. BLYTH
11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff/Counterdefendant Hayward
Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hayward Enterprises, Inc., a California corporation,<br><br>                Counterdefendant,<br><br>vs.<br><br>Creative Juices, Inc., a Massachusetts corporation, Lyons Magnus, Inc., a California corporation,<br><br>                Defendants. | CASE NO. 08-0971 PJH<br><br>**ANSWER OF COUNTERDEFENDANT HAYWARD ENTERPRISES, INC. TO THE AMENDED COUNTERCLAIM OF LYONS MAGNUS, INC.** |

AND RELATED COUNTERCLAIMS

    Counterdefendant Hayward Enterprises, Inc. ("Counterdefendant") answers the Amended Counterclaim of Counterclaimant Lyons Magnus, Inc. ("Counterclaimant") as follows:

ANSWER TO COUNTERCLAIM                     1

1. In answering the allegations of paragraph 1 of Counterclaimant's Amended Counterclaim on file herein (the "Amended Counterclaim"), Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

2. Counterdefendant admits the allegations of paragraph 2 of the Amended Counterclaim.

3. Counterdefendant admits the allegations of paragraph 3 of the Amended Counterclaim.

4. In answering the allegations of paragraph 4 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

5. Counterdefendant admits the allegations of paragraph 5 of the Amended Counterclaim.

6. In answering the allegations of paragraph 6 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

7. In answering the allegations of paragraph 7 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information,

Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

8.    Counterdefendant admits the allegations of paragraph 8 of the Amended Counterclaim.

9.    Counterdefendant admits the allegations of paragraph 9 of the Amended Counterclaim.

10.    Counterdefendant admits the allegations of paragraph 10 of the Amended Counterclaim, however, Counterdefendant clarifies that the application was amended to register THE PERFECT PURÉE, with an accent over the "É" following the letter "R, and that a registration for this mark issued with the registration number 3,372,000.

11.    Counterdefendant admits the allegations of paragraph 11 of the Amended Counterclaim.

12.    Counterdefendant admits the allegations of paragraph 12 of the Amended Counterclaim.

13.    In answering the allegations of paragraph 13 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

14.    In answering the allegations of paragraph 14 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

15.    In answering the allegations of paragraph 15 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

16.    Counterdefendant denies the allegations of paragraph 16 of the Amended Counterclaim.

17.    Counterdefendant denies the allegations of paragraph 17 of the Amended Counterclaim.

18.    Counterdefendant denies the allegations of paragraph 18 of the Amended Counterclaim.

19.    Counterdefendant denies the allegations of paragraph 19 of the Amended Counterclaim.

20.    Counterdefendant denies the allegations of paragraph 20 of the Amended Counterclaim.

21.    Counterdefendant denies the allegations of paragraph 21 of the Amended Counterclaim,

22.    Counterdefendant denies the allegations of paragraph 22 of the Amended Counterclaim,

23.    Counterdefendant denies the allegations of paragraph 23 of the Amended Counterclaim.

24.    Counterdefendant denies the allegations of paragraph 24 of the Amended Counterclaim.

25.    Counterdefendant denies the allegations of paragraph 25 of the Amended Counterclaim.

ANSWER TO COUNTERCLAIM                    4

26.     Counterdefendant denies the allegations of paragraph 26 of the Amended Counterclaim.

27.     Counterdefendant denies the allegations of paragraph 27 of the Amended Counterclaim.

28.     Counterdefendant denies the allegations of paragraph 28 of the Amended Counterclaim.

29.     Counterdefendant denies the allegations of paragraph 29 of the Amended Counterclaim.

30.     Counterdefendant denies the allegations of paragraph 30 of the Amended Counterclaim,

31.     Counterdefendant denies the allegations of paragraph 31 of the Amended Counterclaim.

32.     In answering the allegations of paragraph 32 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

33.     In answering the allegations of paragraph 33 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

34.     In answering the allegations of paragraph 34 of the Amended Counterclaim, Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and based on such lack of knowledge or information,

1    Counterdefendant denies each and every, all and singular, generally and specifically, the
2    allegations set forth therein.

3        35.    In answering the allegations of paragraph 35 of the Amended Counterclaim,
4    Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
5    the allegations set forth therein and based on such lack of knowledge or information,
6    Counterdefendant denies each and every, all and singular, generally and specifically, the
7    allegations set forth therein.
8

9        36.    Counterdefendant denies the allegations of paragraph 36 of the Amended
10   Counterclaim.

11       37.    Counterdefendant denies the allegations of paragraph 37 of the Amended
12   Counterclaim.

13       38.    Counterdefendant denies the allegations of paragraph 38 of the Amended
14   Counterclaim.
15

16       39.    Counterdefendant denies the allegations of paragraph 39 of the Amended
17   Counterclaim.

18       40.    Counterdefendant denies the allegations of paragraph 40 of the Amended
19   Counterclaim.

20       41.    In answering the allegations of paragraph 41 of the Amended Counterclaim,
21   Counterdefendant admits only that a substantial controversy exists between the parties,
22   Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of
23   the remaining allegations set forth therein and based on such lack of knowledge or information,
24   Counterdefendant denies each and every, all and singular, generally and specifically, the
25   remaining allegations set forth therein.
26

27       42.    In answering the allegations of paragraph 42 of the Amended Counterclaim,
28   Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth therein and based on such lack of knowledge or information, Counterdefendant denies each and every, all and singular, generally and specifically, the allegations set forth therein.

43.    In answering the allegations of paragraph 43 of the Amended Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 42, inclusive, as if said responses were set forth herein.

44.    Counterdefendant denies the allegations of paragraph 44 of the Amended Counterclaim.

45.    Counterdefendant denies the allegations of paragraph 45 of the Amended Counterclaim.

46.    Counterdefendant denies the allegations of paragraph 46 of the Amended Counterclaim.

47.    Counterdefendant denies the allegations of paragraph 47 of the Amended Counterclaim.

48.    Counterdefendant denies the allegations of paragraph 48 of the Amended Counterclaim.

49.    Counterdefendant denies the allegations of paragraph 49 of the Amended Counterclaim.

50.    In answering the allegations of paragraph 50 of the Amended Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 48, inclusive, as if said responses were set forth herein.

51.    Counterdefendant denies the allegations of paragraph 51 of the Amended Counterclaim.

52.    Counterdefendant denies the allegations of paragraph 52 of the Amended Counterclaim.

ANSWER TO COUNTERCLAIM                    7

53.     Counterdefendant denies the allegations of paragraph 53 of the Amended Counterclaim.

54.     Counterdefendant denies the allegations of paragraph 54 of the Amended Counterclaim.

55.     In answering the allegations of paragraph 55 of the Amended Counterclaim, Counterdefendant incorporates by reference each and every response by Counterdefendant to paragraphs 1 through 53, inclusive, as if said responses were set forth herein.

56.     Counterdefendant denies the allegations of paragraph 56 of the Amended Counterclaim.

57.     Counterdefendant denies the allegations of paragraph 57 of the Amended Counterclaim.

58.     Counterdefendant denies the allegations of paragraph 58 of the Amended Counterclaim.

59.     Counterdefendant denies the allegations of paragraph 59 of the Amended Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

60.     As a first separate affirmative defense, Counterdefendant alleges that Counterclaimant does not have a personal interest beyond that of the general public in seeking cancellation of Counterdefendant's THE PERFECT PURÉE OF NAPA VALLEY and THE PERFECT PURÉE trademarks on the basis that the marks allegedly compromise the federally registered PUREED PERFECT trademark, and, as a result thereof, Counterclaimant does not have standing to bring such challenge.

## Second Affirmative Defense

61.    As a second separate affirmative defense, Counterdefendant alleges that the Amended Counterclaim and each and every purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action against Counterdefendant.

## Third Affirmative Defense

62.    As a third separate affirmative defense, Counterdefendant alleges that the Amended Counterclaim and each and every purported cause of action alleged therein are barred because Counterclaimant has unclean hands in Counterclaimant's acts and omissions to act relating to the matters raised in the Amended Counterclaim.

## Fourth Affirmative Defense

63.    As a fourth separate affirmative defense, Counterdefendant alleges that the packaging used for its products is non-functional and protectable under trademark and unfair competition laws.

## Fifth Affirmative Defense

64.    As a fifth separate affirmative defense, Counterdefendant alleges that the packaging used for its products has acquired a secondary meaning and is protectable under trademark and unfair competition laws.

## Sixth Affirmative Defense

65.    As a sixth separate affirmative defense, Counterdefendant alleges that the registrations for THE PERFECT PURÉE and THE PERFECT PURÉE OF NAPA VALLEY trademarks are valid under 15 U.S.C. §1052(d).

## Seventh Affirmative Defense

66.    As a seventh separate affirmative defense, Counterdefendant alleges that Counts One and Two of the Amended Counterclaim are barred because Counterclaimant's advertising has been false and untruthful.

**Eighth Affirmative Defense**

67.    As an eighth separate affirmative defense, Counterdefendant alleges that the packaging used for its products is inherently distinctive and protectable under trademark and unfair competition laws.

**Ninth Affirmative Defense**

68.    As a ninth separate affirmative defense, Counterdefendant alleges, given Counterclaimant's intent to cause confusion, the doctrine of fair use is inapplicable to Counterclaimant's use of the FRUIT PURÉ mark.

**Tenth Affirmative Defense**

69.    As a tenth separate affirmative defense, Counterdefendant alleges, given Counterclaimant's intent to cause confusion, the U.S. Constitution does not protect Counterclaimant's use of the FRUIT PURÉ mark.

**PRAYER FOR RELIEF**

WHEREFORE, Counterdefendant demands judgment dismissing the Counterclaim, awarding it the costs, expenses, and attorneys' fees it incurs in defending this matter, and awarding it such other relief as the Court deems just and proper.

/////

/////

/////

/////

/////

/////

/////

/////

/////

Dated:  May 16, 2008

Respectfully submitted,

LAW OFFICES OF STAN D. BLYTH

By    _Stan D. Blyth_

Stan D. Blyth

11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. Scott Gerien
Megan Ferrigan Healy
DICKENSON PEATMAN & FOGARTY
809 Coombs Street
Napa, California  94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Counterdefendant Hayward
Enterprises, Inc.