STAN D. BLYTH, State Bar No. 166938
LAW OFFICES OF STAN D. BLYTH
11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. SCOTT GERIEN, State Bar No. 184728
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff Hayward Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hayward Enterprises, Inc., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Lyons Magnus, Inc., a California corporation, Creative Juices, Inc., a California corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 08-0971 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     August 14, 2008<br>Time:    2:30 p.m.<br>Location: Courtroom 3, 17th Floor<br>             450 Golden Gate Avenue<br>             San Francisco, CA 94102 |

Plaintiff/Cross-Defendant Hayward Enterprises, Inc. ("Plaintiff"), Defendant/Counterclaimant Lyons Magnus, Inc. and Defendant/Counterclaimant Creative Juices, Inc. (collectively "Defendants") hereby file the following Joint Case Management Statement pursuant to Civil Local Rule 16-9.

/////

Joint Case Management Conference Statement        1

1. **Jurisdiction and Service.** All of the parties are properly subject to the Court's jurisdiction. The Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all of Plaintiff's related claims herein in accordance with 28 U.S.C. §1338(b). The Court has jurisdiction over Defendants' counterclaims pursuant to the Declaratory Judgment Act U.S.C. §§2201 and 2202 and under 15 U.S.C. §1051 and 28 U.S.C. §§1331, 1367 and 1338. All defendants and cross-defendants have been served and have appeared in the action.

2. **Facts.**

(a) **Plaintiff's Action.** Plaintiff's action is for trade dress infringement under the federal Lanham Act and California unfair competition law based on Defendants' adoption of a package design confusingly similar to Plaintiff's package design.

Plaintiff is the owner of U.S. Trademark Registration No. 3,372,000 for mark THE PERFECT PURÉE for pureed fruits and vegetables. Plaintiff is also the owner of U.S. Trademark Registration No. 2,219,970 for the mark THE PERFECT PURÉE OF NAPA VALLEY and Design for pureed berries, fruits and vegetables. Plaintiff has used THE PERFECT PURÉE marks since 1988 in association with its pureed fruit products. Plaintiff currently produces twenty flavors of fruit and vegetable puree products, five flavors of fruit concentrate, and three flavors of specialties under THE PERFECT PURÉE marks.

Plaintiff's THE PERFECT PURÉE fruit puree products feature a non-functional, distinctive trade dress composed of the following elements: a 30 oz. wide-mouth opaque white plastic cylindrical jar with a white twist top featuring a serrated edge with a label covering approximately 80% of the height of the jar and 90% of the diameter, the label featuring an image of the fruit product in bright color set off against the white background of the label and the jar with the brand name PERFECT PURÉE appearing in dark lettering on a white

background with the smaller lettering "OF NAPA VALLEY" appearing in smaller type beneath and off-set to the right of the PERFECT PURÉE mark, above which is a thin band encircling the top of the jar in the same color as the fruit on the label (hereinafter "THE PERFECT PURÉE Trade Dress").

Defendants launched the FRUIT PURÉ brand on or about July 24, 2007 for use exclusively with fruit puree products. The FRUIT PURÉ brand is being marketed in the foodservice category in direct competition with THE PERFECT PURÉE brand.

In its Complaint, Plaintiff claims that Defendants' launch of the FRUIT PURÉ brand constitutes:

(i) use in commerce of a (A) reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in violation of 15 U.S.C. §1114 and (B) a word, name or device and false designation of origin which is likely to cause confusion in violation of 15 U.S.C. §1125;

(ii) infringement upon a mark registered under Title 15 of the United States Code and Cal. Bus. & Prof. Code §14220 *et seq.* in violation of Cal. Bus. & Prof. Code §14335;

(iii) unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200;

(iv) dissemination and making of untrue or misleading statements in violation of Cal. Bus. & Prof. Code §17500; and

(v) trademark infringement and passing off in violation of the common law of California.

(b) **Defendants' Answer**: In their answers, Defendants claim that:

(i) The word purée is a generic term meaning food that has been put through a blender and that Plaintiff does not have exclusive rights to the word purée;

(ii) There is no likelihood of confusion between THE PERFECT PURÉE marks and the FRUIT PURÉ mark;

(iii) Plaintiff's claims are barred by the doctrine of fair use as the term fruit pure is descriptive of the goods offered;

(iv) Plaintiff's packaging is functional and not protectable; and

(v) THE PERFECT PURÉE marks are invalid under 15 U.S.C. §1052(d) because of the registration of PUREED PERFECT, U.S. Registration No. 1,727,860 (see discussion below.)

(c) **Defendants' Counterclaim**. Defendants each filed a Counterclaim for Declaratory Relief seeking a declaration that:

(i) the use of FRUIT PURÉ does not infringe on THE PERFECT PURÉE marks;

(ii) the use of the FRUIT PURÉ containers, labels and packaging do not infringe on Plaintiff's rights; and

(iii) there is no likelihood of confusion between FRUIT PURÉ products and Plaintiff's products.

Two of the causes of action contained in Defendants' Counterclaim seek cancellation of Plaintiff's federal trademark registrations. Defendants seek cancellation of THE PERFECT PURÉE marks under the theory that the PUREED PERFECT trademark, which is held by non-party Sysco Systems, Inc., is similar to THE PERFECT PURÉE marks, and was in commercial use and registered before Plaintiff began its use of THE PERFECT PURÉE marks. Defendants allege that Sysco Systems, Inc. first used the PUREED PERFECT in commerce in 1988, and that the trademark registration for PUREED PERFECT issued on October 27, 1992.

Plaintiff answered Defendants' causes of action for cancellation of Plaintiff's marks asserting that Defendants do not have standing to assert these actions on behalf of Sysco Systems, Inc. Sysco Systems, Inc. has also acquiesced to Plaintiff's use of THE PERFECT PURÉE marks and the PUREED PERFECT mark has been abandoned and is no longer used in commerce.

3. **Legal Issues**. The legal issues in these actions are as follows:

    a.    Is THE PERFECT PURÉE Trade Dress distinctive and non-functional?

    b.    Is Defendants' trade dress confusingly similar to THE PERFECT PURÉE Trade Dress?

    c.    Is Defedants' FRUIT PURÉ trademark confusingly similar to Plaintiff's THE PERFECT PURÉE marks?

    d.    Do Defendants' have standing to request cancellation of Plaintiff's THE PERFECT PURÉE marks based on alleged confusing similarity with a third-party's mark?

4. **Motions**. No motions are currently pending. Plaintiff plans to bring a motion for Judgment on the Pleadings under FRCP 12(c) seeking resolution of Defendants' causes of action for cancellation of THE PERFECT PURÉE marks.

5. **Amendment of Pleadings**. No further amendment of the pleadings is contemplated at this time.

6. **Evidence Preservation**. The parties jointly filing this statement have preserved all relevant evidence.

7. **Initial Disclosures**. The parties will timely exchange their initial disclosures as required by Rule 26(a)(1), and will disclose all information required thereunder.

8. **Discovery**. No discovery has been taken to date. The parties to this joint statement propose no limitations or modifications of the rules of discovery under the Federal Rules of Civil Procedure.

9. **Class Action**. Not applicable to the instant action.

10. **Related Actions**. No related actions are currently pending.

11. **Relief Sought**.

    (a)    **Complaint**. Plaintiff seeks issuance of a permanent injunction restraining Defendants from using the FRUIT PURÉ trade dress, or terms, marks, symbols or indicia

Joint Case Management Conference Statement    5

confusingly similar to THE PERFECT PURÉE marks and/or THE PERFECT PURÉE Trade Dress, along with treble damages, attorneys' fees and costs. The extent of Plaintiff's damages is unknown at this time.

(b) **Counterclaim**. Defendants seek a declaration that the use of the FRUIT PURÉ mark and trade dress do not infringe on Plaintiff's trademarks or trade dress, along with a judgment cancelling Plaintiff's registered trademarks, damages and attorneys' fees and costs. The extent of Defendants' damages is unknown at this time.

12. **Settlement and ADR**. The parties conducted an early settlement conference with Magistrate Judge Larson on July 8, 2008. While the case did not settle at this conference, the parties are currently continuing their settlement discussions.

13. **Consent to Magistrate Judge**. The parties do not consent to a having a magistrate judge conduct all further proceedings in this matter.

14. **Other References**. The parties do not believe that this matter is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**. Plaintiff believes Defendants' causes of action for cancellation of THE PERFECT PURÉE marks are appropriate for resolution by dispositive motion. Plaintiff believes that Defendants do not have standing to assert this action on behalf of Sysco Systems, Inc.

16. **Expedited Schedule**. The parties do not believe this proceeding can or should be handled on expedited basis.

17. **Scheduling**. The parties propose the following scheduling deadlines:

**Close of Fact Discovery: May 30, 2009**

**Exchange of Expert Reports: June 30, 2009**

**Exchange of Rebuttal Expert Reports: July 30, 2009**

**Close of Expert Discovery: September 30, 2009**

**Deadline for Filing of Dispositive Motions: October 30, 2009**

**Deadline for Filing of Pre-trial Motions: November 30, 2009**

**Pretrial Conference: January 15, 2010**

**Trial: February 15, 2010**

18. **Trial**. Both Plaintiff and Defendants have demanded trial by jury. Trial is currently estimated to last five (5) days. The parties will work together to reduce the time of trial to the extent that stipulations are feasible. The bifurcation of issues will not be required.

19. **Disclosure of Non-party Interested Entities or Persons**. The parties to this joint statement have complied with the certification requirement of Local Rule 3-16. No person, firm partnership, corporation or other entity has been identified by any of the parties hereto as having either (i) a financial interest in the subject matter of the proceeding or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **Other Matters**. At the present time, the parties are unaware of any other matters that may facilitate the just, speedy and inexpensive resolution of this matter.

**[Signature Page Immediately Follows]**

Dated: August 6, 2008

By: /s/ Stan D. Blyth
Stan D. Blyth
Law Offices of Stan D. Blyth
11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 272-0200
Facsimile: (510) 225-2384

J. Scott Gerien
Megan Ferrigan Healy
DICKENSON PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff Hayward Enterprises, Inc.

Dated: August 6, 2008

By: /s/ Randolf Krbechek
Randolf Krbechek
Caswell Bell & Hillison LLP
5200 North Palm Avenue, Suite 211
Fresno, CA 93704
Phone: (559) 225-6550
Fax: (559) 225-7912

Attorneys for Defendant Lyons Magnus, Inc. and Creative Juices, Inc.