UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAYWARD ENTERPRISES, INC.,

    Plaintiff,

    v.

CREATIVE JUICES, INC., et al.,

    Defendants.

No. C 08-0971 PJH

**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the court is the motion of plaintiff Hayward Enterprises, Inc., for leave to file a second amended complaint to add claims of misappropriation of trade secrets. Defendants oppose the motion, arguing that plaintiff unduly delayed in seeking leave to amend, and that the proposed amendments will necessitate additional time for trial and will prejudice defendants. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178,

182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). Amendments seeking to add claims are to be granted more freely than amendments adding parties. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

The court is not persuaded that plaintiff delayed unduly in seeking leave to amend. In its September 5, 2008, Case Management and Pretrial Order, the court set a trial date of April 5, 2010, a dispositive motions hearing deadline of December 2, 2009, and a non-expert discovery cut-off date of September 4, 2009. The order also stated that the last day to seek leave to amend the pleadings would be no later than 90 days before the fact discovery cut-off date. Plaintiff filed the present motion on October 16, 2008, which is more than seven months before the deadline for filing such motions.

The court finds further that defendants have not established that they will suffer any prejudice if leave to amend is granted. It is true that the addition of the new claims may broaden the scope of discovery, and may expand the time required to prepare for trial. However, under defendants' theory, no amendment of a complaint to add claims or parties would ever be permitted, as the addition of claims or parties will generally always add to the work-load of counsel. The courts have made clear that leave to amend is to be liberally granted. Accordingly, plaintiff may file the second amended complaint.

The date for the hearing on the motion, previously set for Wednesday, December 10, 2008, is VACATED.

**IT IS SO ORDERED.**

Dated: November 18, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge